**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KRISTY VARGAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> J&J SNACK FOODS CORP., *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:22-cv-01187-MTS |

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Compel Arbitration and Stay Proceedings by Defendants J&J Snack Foods Corp. ("J&J") and Daddy Ray's, Inc. ("Daddy Ray's"). Doc. [18]. The Motion is fully briefed and ready for adjudication. For the reasons stated herein, the Court will deny Defendants' Motion without prejudice.

**I.   Background**

Plaintiff Kristy Vargas brings this putative class action against Defendant Daddy Ray's and Defendant J&J, alleging violations of Fair Labor Standards Act ("FLSA") and breach of contract or, in the alternative, unjust enrichment. Doc. [1] ¶¶ 1, 106, 115. Defendants move to compel individual arbitration of Plaintiff's claims. Doc. [19] at 4–5.

Plaintiff was hired by a staffing agency, Randstad, Inc. ("Randstad"), to work in Daddy Ray's commercial bakery and distribution center in Moscow Mills, Missouri. Doc. [20] at 2–3. Daddy Ray's contracts with Randstad to receive additional workers and is a fully-owned subsidiary of J&J. Doc. [19] at 2. Randstad includes an "Agreement to Arbitrate" ("Agreement") in its onboarding paperwork, which must be completed before an employee can begin his or her work assignment. Doc. [23] at 4. The Agreement states, in part, that both

Randstad and the employee agree to use binding arbitration for any "Covered Claims," including claims that relate to the employee's wages, compensation, or employment. Doc. [19] at 3. Additionally, the Agreement provides that "any Randstad clients to which [the employee] provide[s] services on assignment are intended third-party beneficiaries of this Agreement[,]" and both Randstad and the employee "waive the right to participate in or receive any money from any class, collective[,] or representative proceeding." *Id.*

To complete onboarding, a job candidate must create a login account on Randstad's electronic onboarding system by setting up a username, usually the candidate's personal email, and a confidential password. Doc. [23-2] ¶ 8. The candidate must also agree to Randstad's "Electronic Signature Acknowledgement and Electronic Delivery Consent" ("Electronic Consent") page by signing a digital signature field and clicking an "I agree" button. *Id.* ¶ 9. After agreeing, the system presents a series of onboarding documents that the candidate must either accept or acknowledge receiving before beginning his or her employment. *Id.* ¶ 14. These documents are varied and include, among others, the Agreement at issue here, tax documents, and forms related to a candidate's direct deposit. Doc. [23-3] ¶ 5.

Defendants assert that Plaintiff agreed to arbitrate this dispute and refrain from class action litigation when she electronically signed the Agreement as part of her onboarding process. Doc. [23] at 3. Plaintiff denies signing and contends that she never knew of the Agreement's existence during her employment. Doc. [20-1] ¶ 4. It is undisputed that Plaintiff required assistance completing her pre-hire paperwork, and she was invited to an office within the Moscow Mills site where a Randstad employee, Kim Piechoinski, could assist her. *Compare* Doc. [20-1] ¶¶ 6–8, *with* Doc. [23-3] ¶ 10. Plaintiff asserts that Piechoinski verbally gathered

Plaintiff's pertinent information, completed the onboarding paperwork on Plaintiff's behalf, and executed the Agreement without Plaintiff's knowledge or consent. Doc. [20-1] ¶¶ 6–9.[1]

## II. Discussion

"Arbitration agreements are governed by the Federal Arbitration Act (FAA)." *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). An arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. Since a party cannot be forced to arbitrate its dispute without contractually agreeing to do so, see *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002), "[t]he primary inquiry . . . is to determine whether the parties formed a valid contract that binds them to arbitrate their dispute," *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019). Federal courts apply the applicable state's substantive contract law to determine whether the parties entered into a valid arbitration agreement. *See id.* (citing *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014). In Missouri, the party seeking to compel arbitration bears the burden to prove the existence of an enforceable agreement.[2] *Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 683 (Mo. Ct. App. 2015) (citation omitted).

When a motion to compel arbitration relies on matters outside of the pleadings, a district court must treat the motion as one of summary judgment. *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 882 (8th Cir. 2017); *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 741–42 (8th Cir. 2014). Accordingly, granting a motion to compel arbitration is proper if, like summary judgment, "there is no genuine dispute of material fact and the movant is entitled to judgement as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir.

---

[1] Plaintiff also raises merits arguments that challenge the Agreement's validity, Doc. [20] at 9–12, but the Court does not reach them because the Court finds that there is a genuine issue as to the existence of an arbitration agreement between Plaintiff and Randstad.
[2] The parties agree that Missouri law applies.

- 3 -

2011) (en banc) (citing Fed. R. Civ. P. 56(c)(2)).  The movant must "inform[] the district court of the basis for its motion" and must "identify portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* (internal quotation marks omitted).  If the movant meets this burden, the nonmovant must "come forward with specific facts showing there is a genuine issue for trial."  *Atkinson v. City of Mt. View*, 709 F.3d 1201, 1207 (8th Cir. 2013) (citation omitted).  A nonmovant cannot rely on "[m]ere allegations[] unsupported by specific facts or evidence beyond the nonmoving party's own conclusions."  *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007).  "A dispute over a fact is 'genuine' only if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Pitman Farms v. Kuehl Poultry, LLC*, 48 F.4th 866, 875 (8th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A Court must view all evidence and resolve all genuine factual disputes in favor of the nonmovant.  *Neb. Mach. Co.*, 762 F.3d at 742.

Applying the above standard to this dispute, the Court finds that Defendants have met their initial burden by citing evidence in the record demonstrating the existence of an arbitration agreement.  The elements required to create a valid contract in Missouri are "offer, acceptance, and bargained for consideration."  *Baier v. Darden Rests.*, 420 S.W.3d 733, 737 (Mo. Ct. App. 2014) (citation omitted).  "Offer and acceptance requires a mutual agreement."  *Id.* at 738 (citing *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 436 (Mo. Ct. App. 2010)).  "A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time."  *Id.* (internal quotation marks omitted).  "A meeting of the minds occurs when there is a definite offer and unequivocal acceptance."  *Id.* (internal quotation marks omitted).

To demonstrate the existence of an arbitration agreement, Defendants submit a copy of the Agreement that contains Plaintiff's electronic signature, Doc. [19-2] at 2, Declarations of Randstad employees describing the company's required onboarding process, *e.g.*, Doc. [23-2] ¶¶ 7–15, and the Declaration of Kim Piechoinski asserting that she did not input any information into the onboarding system, create a login, or accept any agreements on Plaintiff's behalf, Doc. [23-3] ¶ 11.[3]  By submitting an arbitration agreement that was electronically signed pursuant to mandatory hiring practices, Defendants have put forth evidence of Plaintiff's 'unequivocal acceptance' and, thus, have met their burden under summary judgment.

Consequently, to survive Defendants' motion, Plaintiff must "set out specific facts showing a genuine dispute for trial." *Atkinson*, 709 F.3d at 1207 (citation omitted).  As discussed above, Plaintiff has filed a sworn affidavit in which she denies signing the Agreement at issue and alleges that Kim Piechoinski executed the agreement without her knowledge. Doc. [20-1] ¶¶ 5–10.  In doing so, Plaintiff challenges the existence of the arbitration agreement. *See Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 438 n.7 (Mo. banc 2020) ("When [plaintiff] alleged she was not involved in the procurement of her electronic signature, the [trial] court was entitled to find, as an issue of fact, that there was not an actual or present occurrence of any agreement to arbitrate.").  Plaintiff supports her allegation with undisputed evidence that Piechoinski invited Plaintiff to Daddy Ray's facility where Plaintiff received help completing the onboarding process. *Compare* Doc. [20-1] ¶¶ 6–8, *with* Doc. [23-3] ¶ 10.  Plaintiff asserts that this assistance included the oral collection of her personal information, including her address, social security number, email address, and banking information, which Piechoinski subsequently

---

[3] Defendants also submit screen-capture images of Plaintiff's signature and the corresponding acceptance of the Electronic Consent page as recorded by the onboarding system, Doc. [23-2] at 14, and state that Randstad employees are not permitted to enter a candidate's information or "click a box" without the candidate's express authorization. Doc. [23-3] ¶ 9.  Plaintiff asserts that the digital signature is not hers. Doc. [24-1] ¶ 14.

entered into Randstad's onboarding system. Doc. [20-1] ¶ 8. Defendants explain that the onboarding process requires "much more" information than what, according to Plaintiff, Piechoinski orally collected, Doc. [23] at 10, but Defendants do not specify what additional information is needed. And, although the onboarding process is not complete without accepting or acknowledging twenty-nine miscellaneous forms, Docs. [23-2] ¶ 14 and [23-3] ¶ 5, Plaintiff states that she faced the back of the computer while Piechoinski completed the onboarding documents. Doc. [24-1] ¶ 8. Under normal circumstances, Randstad candidates use a self-created, confidential password to complete the onboarding process, Doc. [23-2] ¶ 7–8, but Plaintiff asserts that a generic password, which she did not create, is used to access her account on the "Randstad system," Doc. [24-1] ¶ 12.[4]

On this record, a reasonable factfinder could conclude that Plaintiff was not the one who affixed her electronic signature to the Agreement and did not accept its terms. A factfinder could credit Plaintiff's statements and find that, as part of the onboarding assistance Plaintiff received, Piechoinski created and used a generic password to access Plaintiff's onboarding account and, after gathering Plaintiff's pertinent information, expedited the process by completing it on Plaintiff's behalf. *Cf. Hughes v. Team Car Care LLC*, 4:22-cv-01375-CDP, 2023 WL 3452329, at *2 (E.D. Mo. May 15, 2023) (finding that, based on plaintiff's statements that he saw management accessing employees' electronic files, "it [was] not unreasonable to infer that someone other than plaintiff may have accessed his file to 'acknowledge' the Arbitration Policy"). Accordingly, Plaintiff has raised a genuine dispute of material fact as to whether she

---

[4] It is unclear whether the "Randstad system" described by Plaintiff is the same as the "Onboarding365" system described by Defendants, compare Doc. [24-1] ¶¶ 12–13 (Randstad system), with Doc. [23-2] ¶ 7 (Onboarding365). And, if separate, it is unclear whether the same password might be used to access both systems. Regardless, at this juncture, the Court must "view [this fact] in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences." *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972, 984 (D. Minn. 2013) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

accepted the terms of the Agreement and, consequently, whether an arbitration agreement exists at all. *See Pitman Farms*, 48 F.4th at 875 ("A dispute over a fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)).

Where a district court finds "that material facts remain in dispute as to whether the parties agreed to arbitrate" the "next step" is to hold a trial. *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 403 (8th Cir. 2021) (per curiam) (citing 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . [is at] issue, the court shall proceed summarily to the trial thereof.")). As the Court explained, Plaintiff has raised a genuine dispute as to whether a valid arbitration agreement exists. However, the Court acknowledges that the present Motion was submitted and briefed without either party having the benefit of discovery and that such discovery could eliminate or, conversely, accentuate any genuine dispute of material fact that exists here. *See Margulis v. HomeAdvisor*, 4:19-cv-0226-SRC, 2020 WL 4673783, at *1 (E.D. Mo. Aug. 12, 2020) (granting defendant's second motion to compel arbitration after limited discovery removed any genuine dispute of material fact as to the existence of an arbitration agreement). Therefore, to preserve judicial economy, the Court denies Defendants' Motion to Compel Arbitration *without* prejudice.

After a period of limited discovery, limited to the issue of whether an arbitration agreement existed between Plaintiff and Randstad, Defendants may submit a renewed motion to compel arbitration. Such motions, the corresponding responses, and any replies must satisfy the requirements of Federal Rule of Civil Procedure 56 and Local Rule 4.01.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Daddy Ray's Inc. and Defendant J&J Snack Foods Corp.'s Motion to Compel Arbitration and Stay Proceedings, Doc. [18] is **DENIED** *without* **prejudice**.

**IT IS FURTHER ORDERED** that the parties shall have ninety (90) days from the date of this Memorandum and Order to conduct limited discovery pertaining to the existence of an arbitration agreement between Plaintiff and Randstad. Discovery shall proceed as follows:

a. The parties shall make initial disclosures related to the existence of an arbitration agreement between Plaintiff and Randstad as required by Fed. R. Civ. P. 26(a)(1) no later than **August 01, 2023**.

b. The limits of five (5) depositions per side, ten (10) interrogatories per side, including subparts, ten (10) requests for production per side, and twenty (20) requests for admissions per side shall apply. Responses to interrogatories and requests for production shall be due within **twenty-one (21) days of service**.

c. All discovery shall be completed by no later than **October 16, 2023**.

d. Before moving for any Order relating to discovery, a movant must first request an informal conference with Chambers. Discovery disputes shall be raised in a diligent and timely manner but in no event shall they be raised later than **October 18, 2023**.

**IT IS FURTHER ORDERED** that any renewed motion to compel arbitration shall be filed no later than **October 30, 2023**. Any such motion shall conform to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 4.01. Any brief in opposition shall be filed

within twenty-one (21) days and shall include a Response to Statement of Material Facts in accordance with Local Rule 4.01(e). Any reply brief shall be filed within fourteen (14) days of the filing of any response.

Dated this 18th day of July 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE