## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **KRISTY VARGAS, individually and on behalf of all other similarly situated individuals,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 4:22-cv-01187-MTS** |
| **J&J SNACK FOODS CORP. and DADDY RAY'S, INC.,** | ) ) ) | |
| **Defendants/Third-Party Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **RANDSTAD GENERAL PARTNER (US), LLC,** | ) ) ) | |
| **Third-Party Defendant.** | ) | |

### JOINT MOTION FOR FLSA SETTLEMENT APPROVAL AND REQUEST FOR BRIEFING SCHEDULE AS TO PLAINTIFFS' ATTORNEYS' FEES AND COSTS

The Parties[1] hereby jointly move for approval of their FLSA settlement as set forth in the Settlement and Release Agreement (the "Agreement") attached hereto as <u>Exhibit 1</u>. Additionally, because the Parties reached an impasse as to the measure of reasonable attorneys' fees and costs that should be included in the settlement, the Parties respectfully ask the Court to award Plaintiffs reasonable attorneys' fees and costs through a contested fee application process. To this end, the

---

[1] The term "Parties" collectively references all parties to the litigation: Plaintiffs Kristy Vargas, Isabel Cabanas, and Irving Gomez (collectively, "Plaintiffs"), Defendants J&J Snack Foods Corp. and Daddy Ray's, Inc. (collectively, the "J&J Defendants"), and Third-Party Defendant Randstad General Partner (US), LLC ("Randstad").

Parties request the Court enter a briefing schedule as to Plaintiffs' forthcoming petition for reasonable attorneys' fees and costs.

## BACKGROUND

1.    Plaintiff Kristy Vargas filed her Complaint against the J&J Defendants on November 8, 2022, asserting claims on behalf of herself and those she alleges are similarly situated to her under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), Missouri wage laws, Mo Rev. Stat. §§ 290.500, *et seq*., and Missouri common law. Doc. 1.

2.    Plaintiff Vargas alleges that she and other hourly employees who worked at the J&J Defendants' production facility are owed unpaid wages, including overtime wages, for allegedly uncompensated work they performed over the lunch hour. *Id.* The J&J Defendants deny they owe Plaintiff Vargas or anyone else any unpaid wages, deny they employed Vargas, and deny they otherwise engaged in any unlawful conduct whatsoever. Docs. 29-30.

3.    Plaintiffs Isabela Cabanas and Irving Gomez consented to join the litigation as opt-in plaintiffs on November 16, 2022. Doc. 8. No other individual has joined the litigation.

4.    On December 27, 2022, the J&J Defendants moved to compel Plaintiffs' claims to binding arbitration. Docs. 18-19. The matter was fully briefed and denied *without prejudice*, pending limited discovery into the existence of an arbitration agreement. Doc. 18. The Court instructed the J&J Defendants to renew their motion after the competition of such discovery. *Id.*

5.    On August 1, 2023, the J&J Defendants filed third-party claims against Randstad for purported contractual indemnity arising out of the Staffing Agreement whereby Plaintiffs were placed at the Daddy Ray's facility. Docs. 29-30. The J&J Defendants contend, among other things, that Randstad provided staffing services to the J&J Defendants and that Randstad, rather than the

J&J Defendants, employed Plaintiff Vargas. *Id.* Plaintiffs have not asserted any direct claims against Randstad.

6.    Thereafter, Plaintiffs served written discovery related to the existence of an arbitration agreement, the Parties discussed the scheduling of depositions for key witnesses (i.e., the three Plaintiffs and several defense witnesses), and Randstad served arbitration-related discovery documents. *See* J. Doyle Declaration attached hereto as <u>Exhibit 2</u>, ¶ 3.

7.    While arbitration-related discovery was ongoing, the Parties engaged in parallel settlement discussions to try to resolve the Plaintiffs' claims before incurring costs associated with the impending second round of arbitration-related briefing. To this end, Randstad agreed to provide informal merits-related discovery – payroll and time records for each of the three Plaintiffs – to allow the Plaintiffs to meaningfully evaluate their claims, calculate alleged potential damages, and extend opening demands. <u>Ex</u>. 2 (Doyle Decl.), ¶ 4.

8.    The Parties ultimately negotiated a fair and reasonable resolution of all claims raised by Plaintiffs against the J&J Defendants and all claims that could have been raised by Plaintiffs against Randstad, including, *inter alia*, Plaintiffs' FLSA claims raised in the Complaint. *See* Exhibit 1. The Settlement Agreement provides Randstad shall pay Plaintiffs a total sum of three thousand eight hundred eighteen dollars and twenty-eight cents (**$3,818.28**), which constitutes the *full amount* of damages demanded by Plaintiffs for their purportedly unpaid wages. <u>Ex</u>. 2 (Doyle Decl.), ¶ 6. The settlement was reached through an assessment by all Parties of the amount in controversy, litigation risks (particularly in light of the J&J Defendants' and Randstad's denial of any violation of the law), and Plaintiffs' likelihood of success in proving liability and/or alleged damages.

9.     The Parties reached a compromise only after extensive arm's-length negotiations. The settlement is a reasonable compromise of a bona fide dispute involving vigorously contested legal and factual issues. Ex. 2 (Doyle Decl.), ¶ 7.

10.     The Parties negotiated the Plaintiffs' payment separately from Plaintiffs' counsel's fees and, indeed, the Agreement was reached despite the Parties having reached an impasse as to Plaintiffs' counsel's fees. Ex. 2 (Doyle Decl.), ¶ 8.

11.     The Settlement Agreement lists the payments to each Plaintiff and is signed by all three Plaintiffs.

## DISCUSSION

Private FLSA settlements must ordinarily be court approved to have any res judicata effect. *See Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."). The Eighth Circuit has not squarely decided the issue whether district courts are required to review and approve private FLSA settlements. *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review.") The Western District of Missouri, however, has held that "a court must review any proposed FLSA settlement before entering a stipulated judgment." *Montez-Freeman v. B & C Rest. Corp.*, 2015 WL 4425716 at *2 (W.D. Mo. July 20, 2015).

The resultant approach by the courts in this District has been one of pragmatism: "because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness." *King, et al. v. Raineri Constr., LLC, et al.*, 2015 WL 631253 *2 (E.D. Mo. 2015); *see also, e.g., Martin v. Sw.*

4

*Baptist Univ.*, No. 6:22-CV-03313-MDH, 2023 WL 7399133, at *1 (W.D. Mo. Oct. 30, 2023); *Van Winkle v. Mick Keane's Express Delivery Serv., Inc.*, 2022 WL 1122721 (E.D. Mo. 2022); *Donoho v. City of Pac., Missouri*, No. 4:19-CV-186 NAB, 2019 WL 5213023, at *1 (E.D. Mo. Oct. 16, 2019); *Hutchinson v. Equilibrium Homes of St. Louis, LLC*, No. 4:18-CV-02127-JAR, 2019 WL 13273412, at *1 (E.D. Mo. Aug. 23, 2019); *Jones v. Synergies3 Tec Servs., LLC*, No. 4:18-CV-01161-JAR, 2018 WL 6727061, at *1 (E.D. Mo. Dec. 21, 2018).

District courts approve FLSA settlements if: (1) the litigation involves a bona fide dispute; and (2) the proposed settlement is fair and equitable to all parties. *Donoho*, 2019 WL 5213023, at *1. As discussed herein, the Parties' Agreement resulted from contested litigation and represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Accordingly, it should be approved.

## I. The Agreement resulted from a bona fide dispute concerning allegedly unpaid wages.

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). A bona fide dispute exists where the nature and extent of the Plaintiffs' claims are disputed. *See, e.g.*, *Hutchinson*, 2019 WL 13273412, at *1 ("[T]he Court finds that this suit involves a bona fide dispute regarding whether Plaintiff has a viable claim for damages and fees."); *Donoho*, 2019 WL 5213023, at *1 (same).

Here, the Parties have a bona fide wage and hour dispute. Plaintiffs are former hourly employees who performed production tasks at the J&J Defendants' facility. Plaintiffs claim the J&J Defendants automatically deducted 30 minutes from production workers' time records for an unpaid meal period but that they were nonetheless required to perform certain compensable work

in this period (e.g., walking to/from their workstation to a wash station, washing their hands, and donning/doffing personal protection equipment) and that they were sometimes only given 20-minute meal periods. *See, e.g.*, Doc. 1, ¶¶ 5-6. As a result, Plaintiffs allege they are owed unpaid wages, including overtime wages, and liquidated damages under the FLSA. But the J&J Defendants and Randstad deny that Plaintiffs performed any compensable tasks during their meal periods and, regardless, deny the amount of time Plaintiffs claim to have spent on these purportedly compensable tasks would be more than *de minimis*. The J&J Defendants and Randstad therefore dispute that any FLSA violation occurred or that they are in any way liable to the Plaintiffs for allegedly unpaid wages. Thus, the Agreement arises from a bona fide dispute.

## II.    The Agreement is fair and equitable to all parties.

In determining whether an FLSA settlement is fair and reasonable, courts consider such factors as "the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *King*, 2015 WL 631253, at *2. In reaching this determination, courts recognize there is a "strong presumption in favor of finding a settlement fair." *Id.*; *see also Donoho*, 2019 WL 5213023, at *1 (same).

Here, the relevant factors support approval. First, the Agreement resulted from what was anticipated to be contentious and expensive litigation involving questions of fact and law under the FLSA, and the bargained-for relief to Plaintiffs substantially outweighs the legal risks and uncertainty inherent in litigation. Second, the Agreement was the product of arms' length negotiations by experienced counsel. Indeed, all Parties (Plaintiffs, the J&J Defendants, and Randstad) are represented by dedicated employment counsel who regularly litigate FLSA matters

and who adequately protected the Parties' respective interests. Third, although the Parties settled Plaintiffs' claims at an early stage in the proceedings, it was only after Randstad produced complete wage and hour records for the three Plaintiffs to permit Plaintiffs' counsel to fully evaluate Plaintiffs' potential damages. Fourth, there is no evidence of overreaching by J&J Defendants or Randstad as Plaintiffs will recover the full amount of alleged damages demanded by Plaintiffs, despite the fact that the J&J Defendants and Randstad maintain that they did not violate the FLSA. Finally, there is no evidence of fraud or collusion among counsel which would weigh against approval. In fact, the record shows the opposite: the Parties continue to dispute the measure of reasonable attorneys' fees to be awarded to Plaintiffs even despite reaching an agreement as to the Plaintiffs' payments. Accordingly, the Agreement is fair and equitable to all Parties and should be approved.

### III. The Parties request a briefing schedule as to Plaintiffs' forthcoming fee petition.

The Parties agree Plaintiffs are entitled to reasonable attorneys' fees and costs for Plaintiffs' counsel's efforts in securing the Agreement. The Parties dispute, however, the measure of attorneys' fees and costs that would be reasonable and to which Plaintiffs' counsel is entitled. To resolve this dispute, the Parties respectfully request the Court determine and award reasonable attorneys' fees and costs to Plaintiffs' counsel through a contested fee application process. To this end, the Parties request the Court enter a briefing schedule providing: (i) 14 days for Plaintiffs to file an initial fee petition; (ii) 14 days for Randstad and the J&J Defendants to jointly respond to Plaintiffs' initial fee petition, and (iii) 7 days for Plaintiffs to submit a reply brief.

## CONCLUSION

WHEREFORE, the Parties respectfully request the Court approve the proposed FLSA settlement, issue a briefing schedule for Plaintiffs' counsel's forthcoming fee petition, and order any other and further relief as this Court deems just and proper.

By:    /s/ Matthew L. Turner
     Matthew L. Turner (P48706)
     Kathryn E. Milz (ARDC# 629213)
     SOMMERS SCHWARTZ, P.C.
     One Town Square
     17th Floor Southfield, Michigan 48076
     Telephone: (248) 746-4018
     Fax: (248) 936-1973
     kmilz@sommerspc.com
     mturner@sommerspc.com

     Jesse L. Young (P72614)
     SOMMERS SCHWARTZ, P.C.
     141 East Michigan Avenue, Suite 600
     Kalamazoo, Michigan 49007
     Telephone: (269) 250-7500
     Fax: (269) 250-7503
     jyoung@sommerspc.com

     Brendan J. Donelon
     DONELON, P.C.
     4600 Madison, Suite 810
     Kansas City, Missouri 64112
     Telephone: (816) 221-7100
     brendon@donelonpc.com

**COUNSEL FOR PLAINTIFFS AND THE PROPOSED COLLECTIVE AND CLASS**

By:    /s/ Nicholas S. Ruble
     Kara T. Stubbs        # 43414MO
     Nicholas S. Ruble # 64127MO
     BAKER STERCHI COWDEN & RICE LLC
     2400 Pershing Road, Suite 500
     Kansas City, MO 64108
     Telephone: (816) 471-2121
     Facsimile: (816) 472-0288
     stubbs@bakersterchi.com
     nruble@bakersterchi.com

**ATTORNEYS FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS J&J SNACK FOODS CORP. AND DADDY RAY'S, INC.**

By:    /s/ John F. Doyle
     Kimberly F. Seten, #50449MO
     John F. Doyle, #66626MO
     CONSTANGY, BROOKS, SMITH & PROPHETE LLP
     1201 Walnut Street, Suite 2350
     Kansas City, Missouri 64106
     Telephone: (816) 472-6400
     Facsimile: (816) 472-6401
     kseten@constangy.com
     jfdoyle@constangy.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT RANDSTAD GENERAL PARTNER (US), LLC**

Respectfully submitted this 1st day of March, 2024.

**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**

By:  /s/ John F. Doyle
        Kimberly F. Seten, #50449MO
        John F. Doyle, #66626MO
        1201 Walnut Street, Suite 2350
        Kansas City, Missouri 64106
        Telephone: (816) 472-6400
        Facsimile: (816) 472-6401
        Email: kseten@constangy.com
        Email: jfdoyle@constangy.com

        ATTORNEYS FOR THIRD-PARTY DEFENDANT RANDSTAD GENERAL PARTNER (US), LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of March, 2024, a copy of the foregoing was filed using the Court's electronic case filing system, which will send notification of same to all counsel of record.

        /s/ John F. Doyle
        Attorney for Third-Party Defendant
        Randstad General Partner (US), LLC